496 F.2d 4
 PROTECTION MARITIME INSURANCE COMPANY LIMITED, OF LONDON,
ENGLAND and Glacier General Assurance Company of Missoula,
Montana, Plaintiffs-Appellants, Waxler Towing Company,
Intervenor Plaintiff-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 73-1769.
 United States Court of Appeals, Sixth Circuit.
 Argued Feb. 12, 1974.
Decided April 26, 1974.
 
 R. L. Myre, Jr., Paducah, Ky., for plaintiffs-appellants; James G. Wheeler, Wheeler & Boaz, Paducah, Ky., on brief.
 Neil H. Koslowe, Atty., Dept. of Justice, Washington, D.C., for defendant-appellee; Irving Jaffe, Acting Asst. Atty. Gen., George J. Long, U.S. Atty., Walter H. Fleischer, Atty., Dept. of Justice, Washington, D.C., on brief.
 Before CELEBREZZE, PECK and ENGEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The owner and the insurers of the motor vessel (M/V) Eddie Waxler, plaintiffs-appellants herein, sought to recover damages sustained when the vessel sank after hitting a submerged mooring cell constructed and maintained by the United States Corps of Engineers near Lock and Dam No. 50 on the Ohio River. This appeal was perfected from an order entered by the district court dismissing the complaint following a trial to the court.
 
 
 2
 The accident occurred as the M/V Eddie Waxler was proceeding down river on a dark but clear morning in May of 1971. High water conditions had obviated the need of negotiating the lock, but at the same time, had caused the submersion of five mooring cells situated near the dam. In accord with normal practice, the cells were marked by radar reflective floating buoys attached to the top of each cell. The cells, concrete cylinders 30 feet in diameter and 17 feet high used as moorings for barges waiting to pass through the lock, had been placed in the river in 1969, and were shown on current navigation chart revisions. Additionally, as part of its regular procedure the Corps had sent a notice to the Waxler Towing Company informing it of the position of each of the new cells. The Waxler vessel ran afoul of one of the cells on the down stream side of the dam and sank in ten minutes.
 
 
 3
 At the time of the accident, there was no lookout on the deck of the M/V Eddie Waxler. The pilot, who had not been on the Ohio for five years, was unaware of the cells, and the master of the vessel, who was aware of them, failed to inform the pilot. Further, the only charts on board were seven years old and unrevised, and they did show the existence of the cells.
 
 
 4
 The district court, after hearing the evidence, concluded that the United States was not liable. It also found that Waxler Towing was guilty of negligence in four respects: (1) failure to have up-to-date navigation charts on board; (2) lack of a lookout, other than the pilot, contrary to the rules of navigation; (3) use of a pilot who had not been on the Ohio for five years; and (4) the failure of the vessel's master to inform the helmsman of the cells.
 
 
 5
 Appellants complain that the decision to dismiss the complaint was based entirely on a finding that the owner was guilty of contributory negligence. It is their position that the court erroneously applied the common law doctrine of contributory negligence in bar of their claim in this admiralty case. They assert that under maritime law contributory negligence mitigates, but does not necessarily bar, a negligence action, and that the doctrine of comparative negligence should have been applied in this case.
 
 
 6
 Unquestionably, contributory negligence is not an absolute bar to recovery in admiralty cases. Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953); American President Lines, Ltd. v. Welch, 377 F.2d 501 (9th Cir. 1967). Although not always so named, the doctrine applicable in admiralty cases in which both plaintiff and defendant are negligent to some extent, is comparative negligence. Mroz v. Dravo Corp., 429 F.2d 1156 (3rd Cir. 1970). It is axiomatic, however, that the comparative negligence doctrine contemplates a finding of negligence on the part of both parties and that it is inapplicable where defendant is not negligent. Hawley v. Alaska S.S. Co., 236 F.2d 307 (9th Cir. 1956); 65A C.J.S. Negligence 169 (1966). Although the district court's memorandum opinion did not stress this point, there was virtually no evidence of negligence on the part of the appellee herein.
 
 
 7
 Appellants' case was based almost exclusively on its contention that the steel cable by which the warning buoy was attached to the cell was 150 feet long, enabling the buoy to drift far from the cell. The district court found, however, that the weight of the testimony established that the cable was between 15 and 16 feet in length, and substantial evidence in the record supports this finding. In light of the record, we find no basis for the claim that the findings of the district court were clearly erroneous.
 
 
 8
 Appellants having failed to make out a case of negligence against appellee, the order of dismissal was correctly entered. Accordingly, the judgment in favor of appellee is affirmed.